MARIE A. BOYD, Plaintiff-Appellant, v. PEORIA JOURNAL STAR, INC., Defendant-Appellee.

Third District    No. 3—96—0792

Opinion filed April 23, 1997.—Rehearing denied May 27, 1997.

Steven A. Wakeman, James P. Lawson (argued), and Craig Reiser, all of Kingery, Durree, Wakeman & Ryan, Associates, of Peoria, for appellant.

Matthew B. Smith (argued) and Mary W. McDade, both of Quinn, Johnston, Henderson & Pretorius, of Peoria, for appellee.

JUSTICE MICHELA delivered the opinion of the court:

Marie A. Boyd filed an action in the circuit court of Tazewell County against her employer, Peoria Journal Star, Inc., seeking recovery for medical expenses under a health insurance plan known as "The Peoria Journal Group Health Benefit Plan" (the Plan). The court granted defendant's motion for summary judgment and denied plaintiff's countermotion for summary judgment.

On appeal, plaintiff seeks reversal of the court's decision, contending that it erred in finding the Plan contained no provisions for, and specifically excluded coverage for, the surgical removal of her defective prosthesis. Plaintiff contends further that defendant's interpretation of the Plan was irrational, arbitrary, and capricious, in violation of the Employee Retirement Income Security Act (ERISA) (29 U.S.C. § 1132(l)(1)(B) (Supp. 1991)). In the alternative, plaintiff requests that this court find that defendant's select review of medical evidence created a question of fact as to whether defendant's decision was arbitrary and capricious, and remand the cause for further proceedings. For the following reasons, we reverse.

## Facts

In March 1983, plaintiff developed temporomandibular joint syndrome (TMJS), which necessitated the replacement of her temporomandibular joint (TMJ) with a TMJ implant (prosthesis).

In October 1993, plaintiff's oral surgeon, Dr. Russell A. Williams, notified defendant that due to resorption occurring around plaintiff's prosthesis, and the potential for brain exposure, her prosthesis must be removed. Dr. Williams informed defendant of his surgical plan, and surgery was scheduled for November 1993. Prior to surgery, defendant notified Dr. Williams and plaintiff of its denial of plaintiff's benefit claim.

In January 1994, plaintiff filed her complaint against defendant, which was later amended, and alleged, *inter alia*, that in violation of ERISA, defendant's decision to deny her benefits was based on an irrational, arbitrary, and capricious interpretation of the Plan.

In April 1994, plaintiff underwent surgical removal of her prosthesis at a reported cost of $30,000. In December 1994, defendant filed a motion for summary judgment, and in May 1995, plaintiff filed a countermotion for summary judgment. In August 1995, the court granted defendant's motion, denied plaintiff's countermotion, and plaintiff appeals.

## Analysis

■ Plaintiff contends that the court erred in granting defendant's motion for summary judgment and in denying her countermotion for

summary judgment. A motion for summary judgment should be granted if the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Boylan v. Martindale*, 103 Ill. App. 3d 335, 339 (1982).

In this matter, plaintiff asserts that the court erred in finding that the Plan contained no provisions for, and specifically excluded coverage for, the surgical removal of her defective prosthesis. Plaintiff maintains that, in violation of ERISA, defendant's interpretation of the Plan was unreasonable, arbitrary, and capricious.

■ When a trustee is given the discretion to construe a plan's terms and allocate benefits, judicial review is limited to whether that decision was arbitrary and capricious. *Russo v. Health, Welfare & Pension Fund, Local 705*, 984 F.2d 762, 765 (7th Cir. 1993). The arbitrary and capricious standard only requires that a trustee's decision make sense, and something more than an alternative interpretation is needed to override such decision. *Russo*, 784 F.2d at 766. Great deference is given to the trustees' decision, and it will not be disturbed when it is based on a reasonable interpretation of a plan's language and evidence in the case. *Russo*, 784 F.2d at 765.

■ We note that while it is axiomatic that contracts are considered as a whole, and are not read in isolated pieces, full effect should be given to more principal and specific clauses, and general clauses should be subject to modification or qualification necessitated by specific clauses. *Herington v. J.S. Alberici Construction Co.*, 266 Ill. App. 3d 489, 493 (1994).

■ In support of her position that the Plan does provide her with coverage, plaintiff relies in part upon subsections (c) and (e) of the Plan's deductible medical benefits section, which grant coverage for such things as in-patient hospital services, physicians' surgical services, anesthetics, and radiologist or laboratory services. However, plaintiff acknowledges that in addition to its own stated limitations, the Plan's deductible medical benefits section is subject to the exclusions found in the Plan's general limitations section. The general limitations section states in pertinent part:

> "In addition to any limitations or exclusions stated in the respective benefit descriptions, *no benefits are payable under this Plan for Expenses Incurred:*
>
> * * *
>
> (c) *for or in connection with:*
>
> * * *
>
> (20) treatment of temporomandibular joint syndrome with intraoral prosthetic devices, or any other procedure to alter vertical dimension." (Emphasis added.)

In determining whether an "in connection with" exclusion applies, the court in *Kraut v. Wisconsin Laborers Health Fund*, 992 F.2d 113, 114 (7th Cir. 1993), stated that the purpose rather than the location of the surgery is the critical inquiry.

In the present matter, on November 17, 1993, Dr. Williams wrote to defendant and requested that it reconsider its decision denying plaintiff benefits. In doing so, Dr. Williams thoroughly explained his position as to why plaintiff's surgery did not fall within the exclusion "for or in connection with" the treatment of TMJS with intraoral devices or any procedure to alter vertical dimension. Dr. Williams noted, *inter alia*, that plaintiff neither has, nor shows symptoms of, TMJS and that her prosthesis must be removed due to resorption.

Further, a May 1995 affidavit from Dr. Williams reemphasizes the purpose of plaintiff's surgery. Importantly, Dr. Williams states therein:

> "In 1992, 1993, and 1994, I did not treat Marie Boyd for or in connection with [TMJS] or any other procedure to alter vertical dimension. Marie had no symptoms or clinical findings attributable to [TMJS]. No intraoral devices were utilized in her surgery. Any alteration of vertical dimension would be considered a problem or complication of the surgery to remove the protheses *** ."

Defendant failed to present medical evidence to refute Dr. Williams' opinion as to the purpose of plaintiff's surgery. Although defendant's employee relation's manager, John Swingle (Swingle), testified at his deposition that he left it up to the Plan's third-party administrator, Employee Benefits Corporation (EBC), to "look at [plaintiff's] symptoms or procedures or whatever was involved," he stated that EBC did not provide, nor did he request, any written document outlining its reasons for recommending denial of benefits.

In further response to his failure to consider plaintiff's resorption symptoms, Swingle stated, "[t]he point was that removal of the implants, in my opinion and the opinion of the EBC, was most certainly related to the original TMJ surgery." Swingle's comment suggests that the decision to deny plaintiff benefits was exclusively based on the fact that in 1983 she suffered from TMJS and underwent a surgical replacement of her TMJ with a prosthesis.

We find that defendant's reading of the Plan was based on neither a reasonable interpretation of the Plan's language nor on the evidence presented. Dr. Williams' correspondence, coupled with his affidavit, establishes that the 1994 surgical removal of plaintiff's prosthesis, where no intraoral devices were used, was neither a procedure that treated or was in connection with her 1983 TMJS, nor

was it performed to alter her vertical dimension. Therefore, subsection (c)(20) of the Plan's general limitations section does not bar plaintiff's claim for benefits. As no material question of fact exists, plaintiff is entitled to summary judgment as a matter of law.

Under these circumstances, the court erred in granting defendant's motion for summary judgment and in denying plaintiff's countermotion for summary judgment. In light of our disposition of this issue, it is unnecessary for us to consider plaintiff's alternative contention regarding defendant's alleged select review of medical evidence.

Based on the foregoing, we reverse the Tazewell County circuit court's grant of defendant's motion for summary judgment and denial of plaintiff's countermotion for summary judgment.

Reversed.

LYTTON, P.J., and SLATER, J., concur.